**Bonnie Allen-Sailer,** OSB #145178
bonnie@nwjp.org
**Corinna Spencer-Scheurich**, OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington St, Suite 1100
Portland, OR 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

**D. Michael Dale**, OSB #771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113
Telephone: (503) 357-8290
Facsimile: (502) 946-3089

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **RAINO HILL**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**FERY ASSOCIATES, LLC**,<br>an Oregon limited liability company,<br>d.b.a. Gold Star Transport, and<br>**DONNA SMITH**, an individual,<br><br>Defendants. | Civil No.: 6:15-cv-1649<br><br>COMPLAINT<br><br>Fair Labor Standards Act<br>(29 U.S.C. §§ 201 *et seq*.),<br>Oregon Wage and Hour Law, Oregon<br>Unlawful Discrimination in Employment<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.      Raino Hill ("Plaintiff") brings this action against Fery Associates, LLC, d.b,a Gold Star Transport, and Donna Smith ("Defendants") under the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*., "FLSA") to collect unpaid wages. Plaintiff seeks overtime and minimum

wages due to him under 29 U.S.C. §§ 206, 207 and 216(b) and liquidated damages and attorney fees under 29 U.S.C. § 216(b).

2. Plaintiff also seeks unpaid wages, penalty damages, and attorney fees for violations of Oregon wage and hour law under O.R.S. §§ 652.140, 652.150, 652.200, 653.025, 653.055, and 653.261.

3. Plaintiff also seeks damages for employment discrimination and retaliatory firing under 29 U.S.C. §§ 215(a)(3) and 216(b) and O.R.S. §§ 652.355, 653.060, 659A.199, and 659A.885 for exercise of his legal rights under FLSA and Oregon wage and hour law.

## II. JURISDICTION

4. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under FLSA, 29 U.S.C. §§ 201, *et seq.*; 28 U.S.C. § 1331, as this action arise under the laws of the United States, and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

5. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## III. PARTIES

6. Plaintiff Raino Hill, an individual, is a resident of Salem, Oregon, in Marion County.

7. At all times relevant to this action, Defendant Fery Associates, LLC, ("Defendant Fery") was an domestic limited liability corporation engaged in providing non-emergency medical transportation in Oregon. Its principal place of business is in Marion County, Oregon. It has registered the assumed business name of Gold Star Transport in the state of Oregon.

8. At all times relevant to this action, Defendant Donna Smith ("Defendant Smith") was an individual and a resident of Marion County.

## IV. FACTS

9. Defendants employed Plaintiff to provide non-emergency medical transport services to clients in and around Salem, Oregon and to perform maintenance on Defendant's fleet of medical transport vehicles.

10. At all relevant times, Plaintiff was employed in interstate commerce or in the production of goods for interstate commerce or was employed by an enterprise engaged in interstate commerce.

11. During the course of Plaintiff's employment with Defendants, Defendant Smith acted directly and indirectly in the interest of Defendant Fery in relation to Plaintiff, including by assigning and supervising Plaintiff's work, calculating payroll and making decisions regarding Plaintiff's pay, and ultimately terminating Plaintiff's employment.

12. Defendants employed Plaintiff from approximately May 2013 until August 9, 2015.

13. Defendants provide transport services 24 hours per day.

14. Plaintiff worked shifts both during the day and overnight.

15. During day shifts Plaintiff received an hourly wage.

16. When Plaintiff began his employment with Defendants, his hourly wage was $10.

17. Plaintiff received periodic wage increases.

18. When Plaintiff's employment with Defendants was terminated, his hourly wage was $12.

19. Plaintiff typically worked four to five day shifts each week, though some weeks

he would work more.

20. During overnight shifts, Plaintiff responded to dispatch calls to provide transportation services.

21. During overnight shifts, Plaintiff received a piece rate of $10 to $20 for each transport trip he provided, depending on the type of transportation required.

22. Plaintiff typically worked four to five overnight shifts each week, though some weeks he would work more.

23. During his overnight shifts, Defendants considered Plaintiff to be "on call" at all times to be able to respond to dispatch calls. Specifically, Plaintiff was required at all times to be able to report to Salem Hospital within 20 minutes of being called.

24. Plaintiff's ability to use the time during his overnight shifts for his own personal activities was severely restricted by the Defendants' on-call policy, including but not limited to the geographical restrictions, the number of calls received during the shift, the shortness of the required response time, the inability to trade overnight shifts, the inability to turn down particular calls, and the potential for discipline for failing to respond to calls.

25. Plaintiff regularly worked in excess of 40 hours per week during his day shifts and additional hours during his overnight shifts.

26. Among other weeks, Plaintiff worked approximately 48 hours of day shift time during the week of May 26, 2014, to June 1, 2014, for which he was paid at his regular hourly rate of pay at the time of $11, without any premium pay for hours worked in excess of 40.

27. During that same week, May 26, 2014, to June 1, 2014, among other weeks, Plaintiff worked approximately 72 hours of overnight shift time, for which he was paid $175 in piece rate, without any premium pay for hours worked in excess of 40.

28. Among other weeks, Plaintiff worked a total of 120 hours the week of May 26, 2014, to June 1, 2014, and received $703 in pay, making his average hourly wage $5.86.

29. Defendants regularly failed to compensate Plaintiff at a rate of time and one half for every hour worked over 40.

30. Defendants regularly paid Plaintiff less than the federal and Oregon minimum wage for hours worked for Defendants.

31. Defendants knew of or recklessly disregarded their obligation to pay minimum and overtime wages under federal law.

32. Plaintiff, through his attorney, sent Defendants a letter on July 15, 2015, complaining of violations of state and federal wage and hour law and requesting payment of the wages Plaintiff was due.

33. Defendants received Plaintiff's letter on or about July 17, 2015.

34. Following the receipt of Plaintiff's letter, Defendants reduced Plaintiff's regularly scheduled hours.

35. On August 9, 2015, Defendants terminated Plaintiff's employment.

36. Defendants reduced Plaintiff's hours and terminated him because he complained about Defendants' unlawful failure to pay wages due as herein alleged.

37. To date, Defendants have failed to pay Plaintiff all his wages earned.

## V. CLAIMS FOR RELIEF

### First Claim – Violation of FLSA wages

### (All Defendants)

38. Defendants violated 29 U.S.C. § 206 by failing to pay Plaintiff at a rate of at least $7.25 per hour for all his hours worked.

39. Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff at a rate of time and one half his regular rate for overtime hours worked for Defendants.

40. Defendants' violation of FLSA was willful.

41. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover unpaid minimum and overtime wages, equal amounts as liquidated damages, and reasonable attorney fees and costs.

## Second Claim – Violation of Oregon Minimum Wage and Overtime Law
### (Defendant Fery)

42. Defendant Fery violated O.R.S. § 653.025 by failing to pay Plaintiff at least the state minimum wage.

43. Defendant Fery violated O.R.S. § 653.261 and its attendant regulation, OAR 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, by failing to pay Plaintiff at a rate of one and one-half times his regular rate for overtime hours worked for Defendants.

44. Plaintiff is entitled, under O.R.S. § 653.055, to recover the unpaid minimum wage and overtime wages, penalty wages in an amount equal to 240 times his hourly wage rate, and reasonable attorney fees and costs.

## Third Claim – Violation of FLSA's Wrongful Termination Protections
### (All Defendants)

45. Defendants violated 29 U.S.C. § 215(a)(3) by reducing Plaintiff's hours and then discharging him because he made a complaint under or related to FLSA.

46. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to such legal or equitable relief as may be appropriate to effectuate the purpose of section 215(a)(3), including without limitation reinstatement, the payment of wages lost, an additional equal amount as liquidated damages, and

reasonable attorney fees and costs.

### Fourth Claim – Violation of Oregon Statutory Discrimination Protections

### (Defendant Fery)

47.     Defendant Fery violated O.R.S. §§ 652.355, 653.060, and 659A199 by reducing Plaintiff's hours and then discharging him because he made a complaint under or related to Oregon minimum wage and overtime law.

48.     Plaintiff is entitled, under O.R.S. §659A.885, to such legal or equitable relief as may be appropriate to effectuate the purposes of O.R.S. §§ 652.355 and 653.060, including without limitation compensatory or statutory damages, injunctive relief, and any other equitable relief that may be appropriate, including but not limited to reinstatement with or without back pay and reasonable attorney fees and costs.

49.     Plaintiff is entitled, under O.R.S. §659A.885, to such legal or equitable relief as may be appropriate to effectuate the purpose of O.R.S. §659A.199, including without limitation compensatory or statutory damages, punitive damages, injunctive relief, and any other equitable relief that may be appropriate, including but not limited to reinstatement with or without back pay and reasonable attorney fees and costs.

### Fifth Claim – Violation of Oregon Timely Payment of Wages Law

### (Defendant Fery)

50.     Defendant Fery failed to pay Plaintiff all of his wages when due upon termination of his employment within the time specified in O.R.S. 652.140.

51.     Defendant Fery's failure to pay Plaintiff all of his wages upon termination of employment was willful.

52.     Plaintiff is entitled, under O.R.S. § 652.150, to recover penalty damages in an

amount equal to 240 times his hourly wage rate, plus reasonable attorney fees and costs, for Defendant Fery's failure to pay Plaintiff's wages upon termination.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. Award Plaintiff his unpaid minimum wages pursuant to 29 U.S.C § 206 and liquidated damages pursuant to 29 U.S.C. § 216(b);

2. Award Plaintiff his unpaid overtime wages pursuant to 29 U.S.C. § 207 and liquidated damages pursuant to 29 U.S.C. § 216(b);

3. Award Plaintiff his unpaid minimum wages pursuant to O.R.S. §§ 653.025 and 653.055;

4. Award Plaintiff his unpaid overtime wages pursuant to O.R.S. § 653.261, OAR 839-020-0030 and O.R.S. § 653.055;

5. Award Plaintiff such legal or equitable relief as may be appropriate to effectuate the purposes of 29 U.S.C. 215(a)(3), including without limitation reinstatement, the payment of wages lost and an additional equal amount as liquidated damages;

6. Award Plaintiff compensatory or statutory damages, punitive damages, injunctive relief, reinstatement, and any other equitable relief as the Court finds appropriate to compensate him for unlawful discrimination pursuant to O.R.S. §659A.885;

7. Award Plaintiff civil penalties in the amount of 240 times Plaintiff's hourly wage pursuant to O.R.S. § 653.055, for failure to pay state minimum and overtime wages;

8. Award Plaintiff civil penalties in the amount of 240 times Plaintiff's hourly wage pursuant to O.R.S. § 652.150, for failure to pay Plaintiff's wages promptly upon termination;

9.      Award Plaintiff reasonable attorney fees and costs under 29 U.S.C. § 216(b) and O.R.S. §§ 652.150, 652.200, 653.055, and 659A.885;

10.     Award Plaintiff pre-judgment interest on sums due under the state law claims and post-judgment interest on all claims; and

11.     Award Plaintiff such other relief as this Court deems just and proper.


Respectfully submitted this 31st day of August, 2015.

/s Bonnie Allen-Sailer
**Bonnie Allen-Sailer**, OSB #145178
bonnie@nwjp.org
Northwest Workers' Justice Project
812 SW Washington, Suite 1100
Portland, OR 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

Attorney for Plaintiff